OPINION of the Court, by
Ch. J. Boyle.
— This was au action <>( assumpsit. Several counts are laid In the declaration : the firs⅛ in substance states, that the plaintiff agreed to purchase of the defendant, ata certain sum in the count mentioned, a house and lot in the town ol Paris ; that he pa:d to the defendant in hand a watch at 35 dollars, and some time thereafter paid 165 dollars in horses; chit invmg occupied the house an l lot under the agreement for some time, the plam 'ff and defendant entered into an agreement to rescind the agreement to purchase, whereby it was stipulated that the plaintiff should surrender to the defendant the possession of said house and lot, and be discharged from the payment of the purchase money, and that he should give up his claim for improvements he had made there on, andhts account against the defendant for lodging, boarding, &c. in full consideration of the rent for the time the plaintiff occupied said house and lot; all which terms were complied with on the part of the plaintiff, whereby the defendant became liable to pay to the plain? tiff the sums aforesaid paid in said watch and horses, jtnd being so liable promised to pav the same, &c.
The second count is upon an indebitatus assumpsit for 200 dollars for a watch and horses had and received by the defendant to the plaintiff’s use.
The third count is for money had and received to the plaint.ff’s use.
The defendant pleaded non assumpsit, upon which issue was joined, Qn the trial the plaintiff proved the contract to purchase the house and lot as alleged in the first count, and the payment of the watch and horses in pursuance of the contract. He also proved that the contract was afterwards cancelled or rescinded, and that he was to give up his claim for improvements and. his account for board, &e. in consideraron of the rent for the time he occupied the house and lot; but there was no mention made, as far as the witnesses recollect, by either party, of the 200 dollars which had been paid in the watch and horses. The plaintiff farther proved that he went to Glarke county, with a view of going to the defendant’s residence to demand the repayment of £he watch and horses; but that heafnig that the defen? *444 dant was not at home, but at Winchester, he went there, an<^ meeting with him requested him to make satisfaction for the value of sa'ul watch and horses, and that the defendant refused, saying that he had already done so.
On this evidence the defendant moved the court to instruct the jury to find as in case of a nonsuit ; but the court overruled the motion, and a verdict and judgment being given against the defendant, he has appealed to this court.
The only question is, whether the court below erred in refusing to give the instruction ask^-d for bv the defendant ? We are of opinion they did. Neither of the counts allege a promise to return or repay to the plaintiff the watch and horses paid by him to the defendant on the contract for the purchase of the house and lot: on the contrary, each of them alleges a promise to pay the amount or value thereof in monev. Of an express promise to that effect the plaintiff produced no proof, and the law csnnot imply such a promise from the circumstance of the rescisión of the contract. By the cancelrpent of the contract, without any farther stipulation, each party would be entitled to that which he had parted with in pursuance of the contract, and the law would create an obligation in the other to restore it; but without an express stipulation to that effect, neither wouU have a right to. demand, nor would either be under a legal obligation to pay in money the value of that which he had received. It is plain, therefore, that the evidence produced by the plaintiff did not support the promise laid in either count in the declaration. Whether it would support a count alleging a promise to restore the watch and horses, is a question the ease does pot present, and therefore need not be decided.
The judgment must be reversed and the cause remanded that a new trial may be awarded and proceedings had not inconsistent with the foregoing opinion.